# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTY PRESSLEY, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1199757, | :: | 2:08-CV-0157-RWS |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| TIMOTHY MADISON, et al., | :: | PRISONER CIVIL RIGHTS |
|     Defendants. | :: | 42 U.S.C. § 1983 |

## **ORDER AND OPINION**

Previously, this Court dismissed all of Plaintiff's claims with prejudice except for her claim that she had been forced to remove her hijab while at the Barrow County Jail. (Order of Jan. 12, 2009 [ 9].) The Court allowed Plaintiff thirty days to amend her complaint to make out a viable claim for relief in that regard. (Id. at 13-16.) Before Plaintiff's amended complaint [17] was docketed, however, she filed a notice of appeal [10], temporarily depriving this Court of jurisdiction over her amended complaint until the Eleventh Circuit ruled on her appeal, which it did on August 26, 2009 [29], dismissing the appeal. Now before the Court are Plaintiff's amended complaint [17] and motion for default judgment [30].

## I. The Legal Framework

### A.    28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S.

Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

**B.     42 U.S.C. § 1983 Cause of Action**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

AO 72A
(Rev.8/82)

## II. The Complaint

Plaintiff sues Joel Robinson, a former Barrow County Sheriff, and three officials of the Barrow County Jail (the Jail) – Captain Mike Katsegianes, Sergeant M. Walker, and Officer Connor. (Am. Compl. ¶ 3.) Plaintiff presents the following allegations. On January 2, 2007, she was transferred from state prison to the Jail, where Officer Connor removed her hijab in the presence of several men, in violation of Plaintiff's Muslim religious beliefs and practices. Officer Connor then told Plaintiff that "she is not allowed to cover her hair in the jail, even for prayer." Plaintiff claims that without her hijab she cannot "practice Islam through 5 daily obligatory prayers, for which her hair must be covered." When Plaintiff grieved this alleged violation, Captain Katsegianes informed her that she did "not have the right to wear anything that is or could be a safety or security issue." Plaintiff's hijab was not returned to her until she was transferred back to state prison on January 4, 2007. (Id. ¶ IV.) Plaintiff alleges that the four named Defendants violated her rights under the Religious Land Use and Institutional Persons Act (RLUIPA), the First Amendment's Free Exercise Clause, and the Fourteenth Amendment's Equal Protection Clause. (Id.) Plaintiff seeks an injunction to prohibit Barrow County Jail from depriving Muslim women of their hijabs and also seeks several million dollars in damages. (Id. ¶ V.)

4

## III. Discussion

The Eleventh Circuit adheres to the following general approach in evaluating a prisoner's First Amendment free-exercise claim:

> When assessing whether a prisoner was deprived of [her] constitutionally protected right to freely practice [her] religion, . . . the district court must first determine whether the prisoner is sincere in . . . her asserted religious beliefs. . . . [and then] evaluate whether the prison regulation or policy [impeding the religious practice at issue] is reasonably related to a legitimate penological interest. . . . [This] reasonableness test is applied with a wide-ranging deference to the expert judgment of prison administrators.

Williams v. Sec'y for the Dep't of Corr., 131 F. App'x. 682, 685 (11th Cir. 2005) (citations and internal quotations omitted). It appears that Plaintiff is sincere in her asserted religious beliefs and that the restrictions placed upon her religious practices at the Jail were, at least arguably, not reasonably related to a legitimate penological interest. Moreover, as at least the Fifth Circuit has recognized, "the RLUIPA standard poses a far greater challenge than does [traditional free exercise analysis] to prison regulations that impinge on inmates' free exercise of religion." Garner v. Morales, No. 07-41015, 2009 U.S. App. LEXIS 4583, at *11 (5th Cir. Mar. 6, 2009). RLUIPA provides in pertinent part as follows:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if

5

> the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling . . . interest.
>
> 42 U.S.C. § 2000cc-1(a). "[The] RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."

Id. at *10-11 (quoting Cutter v. Wilkinson, 544 U.S. 709, 721 (2005)). See Clarke v. Scribner, No. CIV S-05-00702 ALA P, 2007 U.S. Dist. LEXIS 69836, at *7-8 (E.D. Cal. Sept. 12, 2007) (allowing RLUIPA claim to proceed under § 1983 based on allegation that defendant "refused to allow Plaintiff access to the prison dinning [sic] hall unless Plaintiff removed his religious head covering"). As in Clarke, Plaintiff's allegations are sufficient to state a claim against the three Defendants who Plaintiff contends were directly involved in the decision to deny her access to her hijab at the Barrow County Jail on January 2-4, 2007.

### IV. Conclusions

For the foregoing reasons, this Court finds that Plaintiff has alleged a viable cause of action under § 1983 based on the deprivation of her hijab at the Barrow County Jail. That claim is **ALLOWED TO PROCEED** as in any other civil action.

6

However, because Plaintiff has not set forth any action taken by Joel Robinson in violation of her legal rights, Mr. Robinson is **DISMISSED** from this action. Moreover, because none of the three remaining Defendants has been served with Plaintiff's complaint, her application for a default judgment [30] is **DENIED**. See Farm Credit of Northwest Fla., ACA v. R & B Construction of South Alabama, Inc., No. 08-0439-WS-C, 2009 U.S. Dist. LEXIS 92839, at *1-2 (S.D. Ala. Oct. 5, 2009) (stating that "the law is well settled that a district court lacks jurisdiction to enter judgment against a party that has not properly been served with process").

### V. Service of Process and Related Matters

The Clerk **SHALL** adjust the style of this case to reflect the three remaining Defendants (Captain Mike Katsegianes, Sergeant M. Walker, and Officer Connor, all of the Barrow County Jail) and **SHALL** send Plaintiff a USM 285 form and summons for each Defendant, along with an initial disclosures form. Plaintiff **SHALL** complete a USM 285 form and summons for each Defendant, complete the initial disclosures form, and return all of the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

7

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for each Defendant for whom Plaintiff has completed a USM 285 form. The service waiver package must include, for each such Defendant, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for each such Defendant, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver

8

package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for each such Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL** proceed on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint,

9

subject to extension by motion filed prior to the expiration of the discovery period. See LR 26.2(A)-(B), NDGa.

**IT IS SO ORDERED** this  16th  day of November, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)