IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CHRISTY PRESSLEY, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1199757, | :: | 2:08-CV-0157-RWS |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| TIMOTHY MADISON, et al., | :: | PRISONER CIVIL RIGHTS |
|     Defendants. | :: | 42 U.S.C. § 1983 |

## **ORDER**

This case comes before the Court for consideration of Defendants' Motion for Summary Judgment [45]. After reviewing the record, the Court enters the following Order.

### **Background**[1]

At the time of the events at issue, Plaintiff Christy Pressley ("Plaintiff") was an inmate of the Georgia Department of Corrections, serving a five year sentence

---

[1] The following discussion is taken wholly from the Defendants' Statement of Undisputed Material Facts [45-2] ("SOF"). As a preliminary matter, Plaintiff has failed to submit the response to the SOF as required by Local Rule 56.1 to create a dispute of fact. LR 56.1(B)(2)(a)(2), NDGa. The Court has reviewed movant's citations to the record in order to ensure that there is, indeed, no genuine issue of material fact. See Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008). Therefore, the SOF is deemed admitted in full. See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009).

from October 19, 2005 through approximately October 6, 2010. (SOF ¶ 1). On January 2, 2007, Plaintiff was transported from Pulaski State Prison to the Barrow County Detention Center ("Detention Center") to attend a court hearing related to her criminal conviction. (SOF ¶ 2). Upon arrival at the Detention Center, Plaintiff was physically searched for weapons, contraband, or other illegal items, during which time prison officials removed Plaintiff's hijab, a covering for the head and face worn by Muslim women, in order to complete the search. (SOF ¶¶ 3-7). Plaintiff objected that the removal of her hijab violated her religious beliefs, which require her to keep her hair covered in the presence of men. (SOF ¶ 10). After speaking with Plaintiff, prison officials decided that Plaintiff would be permitted to cover her head with a towel or other clothing when she intended to pray in accordance with her professed Islamic faith. (SOF ¶ 11). Subsequently, Plaintiff was housed only with other female inmates at the Detention Center and supervised only by female Sheriff's Deputies. (SOF ¶ 12). Plaintiff was transferred out of the Detention Center on January 4, 2007, and has not subsequently returned to the facility. (SOF ¶ 13).

In July 2008, Plaintiff, proceeding *pro se*, initiated this civil action against numerous officials from the Detention Center and Barrow County Sheriff's Office,

including Joel Robinson, a former Barrow County Sheriff, and three officials of the Barrow County Jail – Captain Mike Katsegianes, Sergeant M. Walker, and Officer Connor ("Defendants"). (Complaint ¶ III). Mr. Robinson was dismissed from this action on November 16, 2009. (See Dkt. No. [31]). In her Amended Complaint, Plaintiff alleges that Defendants violated her rights under the Religious Land Use and Institutional Persons Act ("RLUIPA"), the First Amendment's Free Exercise Clause, and the Fourteenth Amendment's Equal Protection Clause. (Complaint ¶ IV).

On November 11, 2010, Defendants filed the instant Motion for Summary Judgment. The following day, the Clerk of Court provided notice to Plaintiff that she was to respond to Defendant's motion within twenty-one days of its service. Plaintiff failed to respond within that time period. Therefore, the present motion is deemed unopposed.

## Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the

basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

### I. Claim for Injunctive Relief

Plaintiff seeks injunctive relief in order to require Barrow County Jail to allow Muslim female inmates to keep their hair covered. However, it is well-established that an inmate's transfer from a correctional facility renders claims for injunctive relief against that facility as moot. A case becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Id. "The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy." Id. In the Eleventh Circuit, the transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief, as injunctive relief is a prospective remedy that is meant to prevent future injuries. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007).

Here, Plaintiff is no longer incarcerated at the Detention Center, and has in fact been released from incarceration altogether. Therefore, Plaintiff's claims seeking injunctive relief shall be dismissed as moot.

5

**II.    RLUIPA Claims**

The remaining Defendants in this action are each sued in their individual capacities only.  Plaintiff's Complaint makes no allegation of any custom, policy, or practice of the Barrow County Sheriff's Office that would be sufficient to attach liability to Barrow County itself.  Rather, Plaintiff seeks money damages from each of the remaining Defendants for the alleged "loss of her religious rights." (Complaint ¶ V).

However, Plaintiff is barred from seeking such damages under RLUIPA. The Eleventh Circuit has held that RLUIPA does not provide for a private cause of action for money damages against defendants sued in their individual capacities. See Smith, 502 F.3d at 1275 ("Consequently, we conclude that section 3 of RLUIPA-a provision that derives from Congress' Spending Power-cannot be construed as creating a private action against individual defendants for monetary damages."); see also Daker v. Ferrero, 475 F. Supp. 2d 1325, 1341-42 (N.D. Ga. 2007), vacated on other grounds, 506 F. Supp. 2d 1295 (N.D. Ga. 2007) (concluding that allowing an individual cause of action for damages against defendant-employees of a prison would be inconsistent with Congress' Spending Power).  Therefore, under RLUIPA, Plaintiff is not entitled to pursue a claim

6

against Defendants in their individual capacities. Accordingly, the Court grants summary judgment on Plaintiff's RLUIPA claims.

### III.   Free Exercise and Equal Protection Claims

To the extent Plaintiff seeks monetary damages under 42 U.S.C § 1983 for violation of the Free Exercise Clause and Equal Protection Clause, Defendants are entitled to qualified immunity on those claims.

Qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities. Wilson v. Layne, 526 U.S. 603, 609, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999). Public officials are shielded under qualified immunity so far as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed.2d 396 (1982). Qualified immunity is a question of law for the court. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

The Eleventh Circuit utilizes a two-part analysis for the defense of qualified immunity. First, the defendant official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995). If the defendant meets

this burden, the plaintiff must then demonstrate that the defendant violated clearly established law based upon objective standards. Id.

The Court concurs with Defendants' contention that the physical search of the Plaintiff for security reasons constituted a discretionary function, and therefore the Court considers only whether Defendants violated clearly established law in requiring Plaintiff to remove her hijab.

The qualified immunity test requires Plaintiff to demonstrate that Defendants violated her clearly-established constitutional rights. Plaintiff cannot satisfy this burden. This Court has previously found that a generally applicable restriction on headwear within a prison's walls is reasonably related to security and identification, and therefore does not run afoul of the Free Exercise Clause. See Daker v. Ferrero, 475 F. Supp. 2d 1325, 1351 (N.D. Ga. 2007). In the present case, there is a legitimate, rational relationship between prohibiting persons from wearing any form of headwear and the need to maintain security, discourage potential gang activity, and facilitate the identification of inmates held at the Detention Center. In addition, the Court has found no authority from the Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court which clearly establishes a right to adorn religious headwear in prison.

8

Additionally, Plaintiff's religious rights were not fundamentally violated. Plaintiff was permitted to cover her head during prayers and was housed in a cell containing only female inmates and guarded only by female Sheriff's deputies. By being placed in a female-only cell guarded by female deputies, and therefore free from the presence of males, Plaintiff no longer possessed any religious obligation to wear a hijab. To the contrary, Defendants took steps to ensure that Plaintiff would be permitted to observe her religious beliefs during her incarceration at the Detention Center. Therefore, Plaintiff's constitutional rights were not violated when Defendants enforced restrictions against inmates wearing headwear at the Detention Center.

Accordingly, the Court concludes that Defendants are entitled to qualified immunity and that any remaining claims against Defendants in their individual capacities fail as a matter of law. The Court therefore grants summary judgment on Plaintiff's claims for alleged violations of the Free Exercise Clause and the Equal Protection Clause.

## Conclusion

For the aforementioned reasons, Defendants' Motion for Summary Judgment [45] is **GRANTED**.

AO 72A
(Rev.8/8 2)

**SO ORDERED**, this __17th__ day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge